
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN MALKHASYAN, LUSINE MALKHASYAN, ANI MALKHASYAN, ASHOT MALKHASYAN,<br><br>Petitioners,<br><br> v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 07-70746<br><br>B.I.A. No.    A096-345<br>957/958/959/960<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2011**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before: NOONAN, PAEZ, Circuit Judges, and KORMAN,*** District Judge.

Petitioner Karen Malkhasyan ("Malkhasyan"), his wife Lusina Malkhasyan, and two children Ani and Ashot Malkhasyan, citizens of Armenia, seek review of a final order of removal issued January 30, 2007 by the Board of Immigration Appeals ("BIA") adopting and affirming the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The IJ "conclude[d] that the lead respondent and his spouse were not credible witnesses . . . based . . . on the inconsistencies between their testimony" and inconsistences with Malkhasyan's written declaration that the IJ deemed to be "material" because they "go to the heart of the respondent's request for asylum and withholding of removal in the United States." Finding that "respondents [did] not offer[] a persuasive explanation as to the many inconsistencies," the IJ denied all requested relief and ordered removal.

The BIA adopted and affirmed the IJ's adverse credibility determination citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). The BIA cited some of the discrepancies noted by the IJ and held that, because petitioners did not provide

_____

*** The Honorable Edward R. Korman, Senior United States District Judge, Eastern District of New York, sitting by designation.

2

persuasive explanations for these material inconsistences and omissions, the evidence was insufficient to sustain the burden of proof required to grant petitioners the relief and protection requested.

When "the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions . . . We review *de novo* the BIA's and IJ's determinations of purely legal questions . . . We review factual findings on the other hand for substantial evidence." *Ali v. Holder*, Nos. 07-71195, 07-73559, __F.3d__, 2011 WL 923412, at *3 (9th Cir. March 18, 2011) (internal citations omitted). We must "uphold the factual findings of the [agency] if those findings are supported by reasonable, substantial, and probative evidence." *Valderrama v. IN*S, 260 F.3d 1083, 1085 (9th Cir. 2001) (internal quotation marks omitted). The deference accorded under the substantial evidence test extends to an IJ's credibility findings. *See id*. The IJ must express "a legitimate articulable basis to question the petitioner's credibility, [however,] and must offer a specific, cogent reason for any stated disbelief." *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir. 2000) (internal quotation marks omitted). Moreover, "the IJ's adverse credibility determination may not rest on incidental misstatements that do not go to the heart of [petitioner's] asylum claim." *Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir. 2003) (internal quotation marks omitted). Nevertheless, "[s]o long as one of the identified grounds is supported by substantial

evidence, and goes to the heart of [petitioner's] claim of persecution, [the Court is] bound to accept the [agency's] adverse credibility finding." *Id.* at 1259; *accord, Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).

We conclude that all but one of the alleged inconsistences, omissions and discrepancies identified by the IJ are not supported by "substantial evidence" or do not go to the "heart of [petitioner's] claim of persecution." *Wang*, 352 F.3d at 1259. The one remaining inconsistency involves Malkhasyan's description of his medical care after a December 2000 car accident that Malkhasyan alleges was part of an attempt by the Yerkrapah group to kill him and his family. Specifically, the IJ and BIA found that Malkhasyan did not adequately explain why he testified that he did not receive any medical attention following the December 2000 car accident, but submitted documentation that he had been treated in the hospital for over a month. Malkhasyan argues on appeal that the inconsistency in his testimony resulted from translation difficulties. *See, e.g., Iao v. Gonzales*, 400 F.3d 530, 534 (7th Cir. 2005) (noting, among the numerous "disturbing features" that "bulk large" in immigration cases, there is an "[i]nsensitivity to the possibility of misunderstandings caused by the use of translators of difficult languages.") (Posner, *J.*). When asked by the IJ to explain this inconsistency, Malkhasyan stated that he was in the hospital for "a month and a half," but that he didn't have "any operation or surgery." The IJ refused to accept this

4

explanation as clarifying Malkhasyan's prior testimony on this issue. Moreover, when asked if he was injured in the accident, Malkhasyan responded "[y]es. But not registered." Although this nonresponsive answer clearly indicated a problem in translation and communication, the IJ did not seek further clarification. Because Malkhasyan did not have the opportunity to fully explain the inconsistency in his testimony regarding this incident, *Wang*, 352 F.3d at 1253, and neither the IJ nor the BIA offered "a specific, cogent reason for [their] stated disbelief," *Shah*, 220 F.3d at 1067 (internal quotation marks omitted), or explained its relevance to Malkhasyan's asylum claim, we conclude that the IJ's adverse credibility determination was not supported by substantial evidence. Because of the communication difficulties and the resulting ambiguity in Malkhasyan's testimony, we remand to the agency for clarification of the record. The agency shall afford petitioner the opportunity to explain fully the inconsistencies in his testimony. The agency shall consider this explanation and the explanation that Malkhasyan has already provided in determining the limited question of whether petitioner is credible despite the inconsistencies in his testimony regarding medical treatment after the car accident. Because the BIA has not evaluated Malkhasyan's eligibility for asylum, withholding of removal and protection under CAT independently from its adverse credibility finding, the agency shall consider the merits of those claims based on the expanded record on remand. The

5

panel retains jurisdiction of any further appeal.

**REMANDED.**